# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CHAZ HUTCHERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO: |
| v. | ) _____ |
| | ) |
| TRANS UNION LLC, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

1. This is an action for damages brought by an individual consumer, Chaz Hutcherson, against Trans Union LLC for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## PRELIMINARY STATEMENT

2. Ms. Hutcherson is the victim of identity theft.

3. In the spring of 2024, Ms. Hutcherson's rental housing application was denied because Trans Union was reporting that she had an eviction in Rockdale County, Georgia on her record.

4. Ms. Hutcherson has never been evicted.

5. Ms. Hutcherson never lived in the house that was the subject of the eviction.

6. At the time of the eviction, Ms. Hutcherson owned and lived in a house in a different county in Georgia from the one with the eviction.

7. Ms. Hutcherson suspected that she might be the victim of identity theft, so she filed a police report in Rockdale County and informed the police that the eviction was identity fraud.

8. In an effort to correct Trans Union's erroneous information, Ms. Hutcherson submitted several disputes to Trans Union, and she attached the police report to at least one of the disputes.

9. Trans Union refused to investigate, block, and delete the eviction record.

10. As a result, Ms. Hutcherson's Trans Union credit report continues to include the fraudulent eviction record.

## JURISDICTION AND VENUE

11. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Trans Union regularly conducts business in this district and division and a substantial part of the events giving rise to the claims occurred in this district and division.

13. Trans Union has contracted to supply services or things in Georgia. It sells consumer reports in Georgia and produces consumer reports on Georgia residents. It also gathers and maintains substantial public records data from Georgia.

## PARTIES

14. Ms. Hutcherson is a resident of Georgia. She is a natural person and a "consumer" as protected and governed by the FCRA, 15 U.S.C. § 1681a(c).

15. Trans Union is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

16. When Congress enacted the FCRA it found that the "banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1).

17. Congress recognized that CRAs "have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681(a)(3). Therefore, Congress found that there "is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness,

impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Consumers can submit disputes to CRAs regarding the accuracy or completeness of any information in their credit file. Upon receipt of the dispute, the FCRA requires that the CRA conduct a reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. The CRA must notify the source of the disputed information about the consumer's dispute. The CRA must provide the source with all relevant information received from the consumer. The CRA must review and consider all relevant information provided by the consumer in conducting the reinvestigation. If information cannot be verified as accurate, the CRA "shall . . . promptly delete that item of information from the file of the consumer[.]" 15 U.S.C. § 1681i(a)(5)(i). The CRA must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. The CRA must send the consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised as a result of the reinvestigation. 15 U.S.C. § 1681i(a).

19. The FCRA also provides special protections for victims of identity theft. When a consumer disputes any information in their credit report that resulted from an alleged identity theft, the CRAs must block (delete) the reporting of that

information within four business days, if the consumer provides: (1) appropriate proof of the identity of the consumer; (2) a copy of an identity theft report; (3) the identification of such information by the consumer; and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.  15 U.S.C. § 1681c-2(a).

20. To protect consumers' privacy, the FCRA provides that CRAs may only furnish a credit report to a person "which it has reason to believe … intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished."  15 U.S.C. § 1681b(a).

## Plaintiff's Experience

21. In the spring of 2024, Ms. Hutcherson learned that she was the victim of identity theft when she discovered a fraudulent eviction record on her Trans Union consumer report.

22. This eviction record was related to unpaid rental debt for a house in Rockdale County, Georgia.

23. Ms. Hutcherson never lived in the house.

24. During the time the identity thieves stole her identity to live in this house, Ms. Hutcherson owned and lived in a different house in a different county in Georgia.

25. On April 8, 2024, Ms. Hutcherson filed an identity fraud police report with the Rockdale County Police Department.

26. After filing the identity fraud police report, Ms. Hutcherson submitted a dispute to Trans Union.

27. She had already disputed the erroneous information with Trans Union, but as part of this new dispute, Ms. Hutcherson provided Trans Union with a copy of the identity fraud police report.

28. On May 2, 2024, Trans Union sent Ms. Hutcherson a letter in response to her dispute. The letter informed Ms. Hutcherson that it had "investigated the information you disputed and the disputed information was verified as accurate."

29. Trans Union did not block the identity theft information on Ms. Hutcherson's consumer report at that time.

30. Trans Union also failed to properly investigate the identity theft account and remove it from Ms. Hutcherson's consumer report.

31. For example, the eviction record contains nothing more than the name "Chaz Hutcherson." It contains no birthday, address, or any other identifying information. Trans Union failed to obtain any information confirming that the record belongs to Ms. Hutcherson.

32. Trans Union also did not contact the rental company associated with the eviction record to review the underlying lease application documents, or other documents associated with the fraudulent account.

33. Trans Union did not contact the Rockdale County Sheriff's Office, where Plaintiff had filed her police report, regarding the identity theft.

34. Trans Union took no steps whatsoever to reasonably investigate Ms. Hutcherson's dispute that the account was the result of identity theft.

35. Shortly after receiving Trans Union's dispute results, Ms. Hutcherson got in contact with the rental company and provided it with a copy of the identity theft police report. Upon receipt of the identity theft police report, the rental company determined that the debt had been fraudulently acquired, and it moved the Rockdale County court to vacate, set aside and seal the eviction record. According to the rental company's motion, "[t]he mere existence of the filing may have a deleterious effect on the victim of the identity fraud. This request is to preserve the stance of the victim's rental and credit history."

36. The rental company's response to Ms. Hutcherson's dispute and identity theft police report stands in stark contrast to Trans Union's response to the same information, where it allegedly "verified" the information "as accurate."

37. As a result of Trans Union's violations, Ms. Hutcherson has suffered, and continues to suffer, actual damages, lost opportunities to receive credit,

economic loss, damage to reputation, reduction in credit score, emotional distress, and interference with normal and usual activities for which she seeks damages in an amount to be determined by the jury.

## FIRST CLAIM FOR RELIEF

## (15 U.S.C. § 1681c-2)

38. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

39. Defendant violated Section 1681c-2(a) by failing to block the fraudulent accounts after receiving Ms. Hutcherson's dispute that explained she was the victim of identity theft, and included the identity theft police report.

40. Defendant violated Section 1681c-2(b) by failing to notify the furnisher that the accounts may be the result of identity theft, that identity theft reports had been filed, that a block has been requested, and the effective date of the block.

41. As a result of its violations of 15 U.S.C. § 1681c-2, Plaintiff has suffered, and continues to suffer, actual damages, lost opportunity to receive credit, economic loss, damage to reputation, reduction in credit score, invasion of privacy, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

42. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

43. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

## SECOND CLAIM FOR RELIEF

## (15 U.S.C. § 1681i(a))

44. Plaintiff re-alleges and incorporates all other factual allegations set forth in this Complaint.

45. Defendant violated 15 U.S.C. § 1681i by, among other things, failing to (1) "conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller," and (2) provide to Plaintiff the notices required under 15 U.S.C. § 1681i(a)(6).

46. Defendant knew or should have known about its obligations under the FCRA. These obligations are well established in the plain language of the FCRA,

in the promulgations of the Federal Trade Commission, and in well-established case law.

47. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

48. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of her rights under the FCRA.

49. As a result of these FCRA violations, Plaintiff has suffered, and continues to suffer, actual damages, lost opportunities to receive credit, economic loss, damage to reputation, reduction in credit score, emotional distress, and interference with normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

50. The violations by Defendant were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, Defendant was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover attorney fees pursuant to 15 U.S.C. §1681o(a) or, alternatively, 15 U.S.C. 1681o(a).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of actual, statutory and punitive damages for Plaintiff;

    b. An award of pre-judgment and post-judgment interest as provided by law;

    c. An award of attorneys' fees and costs; and

    d. Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

**PLAINTIFF hereby demands a jury trial on all claims for which she has a right to a jury.**

DATED: May 10, 2023

> By: /s/ Andrew Weiner
> Andrew L. Weiner
> Georgia Bar No. 808278
> Jeffrey B. Sand
> Georgia Bar No. 181568
> WEINER & SAND LLC
> 800 Battery Ave. SE
> Suite 100
> Atlanta, GA  30339
> (404) 205-5029 (Tel.)
> (404) 254-0842 (Tel.)
> (866) 800-1482 (Fax)
> aw@wsjustice.com
> js@wsjustice.com

COUNSEL FOR PLAINTIFF